FILED

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2013 JUN -3 PM 3: 19

U.S. DISTRICT OF FL
ORLANDO, FLORIDA

WILLIE SMITH,

    Plaintiff,

-VS-

MARKONE FINANCIAL, LLC

    Defendant.

_____/

CASE NO.:

6:13-cv-853-Orl-18TBS

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act., 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act., 15 U.S.C. §1692 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by U.S.C. §§1331, 1332.

4. The alleged violations described in the Complaint occurred in Seminole County, Florida.

## FACTUAL ALLEGAIONS

5. Plaintiff is a natural person, and citizen of the State of Georgia, residing in Dekalb County, Georgia.

6. Plaintiff is a "consumer" as defined by Florida Statute §559.55(2) and 15 U.S.C. §1692(a)(3).

1

7.  Plaintiff is an "alleged debtor."

8.  Plaintiff is the "called party." See <u>Soppett v. Enhanced Recovery Co., LLC</u>, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

9.  Defendant is a corporation and a citizen of the State of Florida with its principal place of business at 1200 South Pine Island Road, Plantation, FL 33324.

10. Defendant is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

11. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and 15 U.S.C. §1692(a)(4).

12. The Defendant intentionally harassed and abused the Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

13. Each call the Defendant made to the Plaintiff's cellular phone was done so without the "express permission" of the Plaintiff.

14. In or about December, 2012, Plaintiff received a telephone call to her cellular telephone number (407)558-4431 from the Defendant in which they left her a prerecorded voice mail for a person by the name of Kim Robinson.

15. In or about December 2012, Plaintiff informed the Defendant that she was not Kim Robinson, and requested the phone calls to stop.

16. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse.

17. The Plaintiff received approximately 140 phone calls from Defendant from December 2012 through March 28, 2013. Each call was placed to Plaintiff's cellular phone without Plaintiff's express permission to call.

18. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

19. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

20. Defendant's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

21. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

22. Defendant has many similar complaints from non-debtors across the country, as those alleged in this lawsuit, by Plaintiff.

23. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

24. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

25. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

26. Plaintiff incorporates Paragraphs one (1) through twenty-five (25).

27. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of the federal law, including 47 U.S.C. §227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violations of the FCCPA)

28. Plaintiff re-alleges paragraphs 1 through 25 above and further states:

29. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute §559.72.

30. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

31. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

32. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows the debt is not legitimate.

33. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
William Peerce Howard, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
WPHPleadings@ForThePeople.com
KRodriguez@ForThePeople.com
Florida Bar #: 0103330
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, William Peerce Howard, Esquire, hereby certify that a true and correct copy of the foregoing has been served on Defendant through Service of Process on its Registered Agent.

_____
William Peerce Howard, Esquire
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
WPHPleadings@ForThePeople.com
KRodriguez@ForThePeople.com
Florida Bar #: 0103330
Attorney for Plaintiff