UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

WILLIE SMITH,

    Plaintiff,

vs.

                                  CASE NO.: 3:13-CV-933-J-32MCR

MARKONE FINANCIAL, LLC,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW the Plaintiff, WILLIE PEARL SMITH, by and through her undersigned counsel, pursuant to Fed. R. Civ. P. 56, and pursuant to this Court's [Doc. 112] Order, files this Motion for Partial Summary Judgment. Partial summary judgment should be entered in favor of Plaintiff on the issue that Defendant's LiveVox Predictive Dialer is a dialing system covered by 47 U.S.C. § 227(a)(1) of the Telephone Consumer Protection Act ("TCPA"), and as grounds therefore would state:

### I.    Statement of Material Facts

On the account of Kimberly robinson in which Defendant made collection calls to Plaintiff's cellular telephone number, Defendant utilized both an automatic telephone dialing system, which was its LiveVox Predictive Dialer system, and also made manual outbound calls. (Johnson Depo., p. 24-25, 27-28; Nath Depo., p. 10-11 & 62). The only reason Defendant uses its LiveVox Predictive Dialer system <u>is to make collection calls on an account</u>. (Nath Depo., p. 65). The LiveVox Predictive Dialer is the only predictive dialer that has been used by Defendant. (Nath Depo., p. 22).

Defendant had in effect policies and procedures designed to ensure compliance with the Telephone Consumer Protection Act ("TCPA"). (Johnson Depo., p. 12). In its policies and

proecures, it specifically referred to its dialer as an "auto-dialer." (Johnson Depo., p. 12). If a third-party is being called by Defendant's auto-dialer, Defendant's policy is to first obtain verbal or written consent from that third-party being called, prior to making any calls. (Johnson Depo., p. 16 & 32). Defendant's policies also require its employees to verify whether information like telephone numbers are up-to-date and accurate on an account. (Johnson Depo., p. 17). Defendant instructs its employees to <u>never</u> permanelty remove numbers from being called by its LiveVox Predictive Dialer system. (Johnson Depo., p. 22).

The LiveVox Predictive Dialer works by a list of accounts being preprogrammed or uploaded (on a nightly or early morning basis) to the dialer system, which then automatically queues up the list of accounts (or campaigns) to be called for collection purposes the following day. (Nath Depo., p. 17, 19 & 64). This is accomplished by uploading the accounts to be called into a "FTP" ("File Transfer Protocol" – which is similar to the web) and by doing so, the only telephone numbers designated by Defendant in each account as a "cell", "home", or "work" number for the customer gets automatically called by the dialer. (Nath Depo., p. 18 & 20). The dialer automatically calls the telephone numbers for the accounts that are <u>stored</u> on FTP site. (Nath Depo., p. 64, lines 14-21, p. 24). The FTP site is part of the dialer system, and it is the place where the accounts and their designated telephone numbers are loaded or stored. (Nath Depo., p. 21).

Autodialer calls made by Defendant's dialer are made without any human involvement. (Nath Depo., p. 26-27). It is not until <u>after</u> the call has been made and then that call either being answered by the person called (or that person's answering machine), that a Mark One collector will even receive notification that a call had been made and answered. (Nath Depo., p. 26 & 57; Peterson Depo., p. 26-27; Campbell Depo., p. 22). When a LiveVox dialer call is made, Mark

One's collectors simply wait by their computer until they are notified, by a tome on their headset, that a call has been made. (Depo. Zeyala, P. 11). The LiveVox dialer system does everything, automatically, for its collectors. (Zeyala Depo., pp. 11-12). The dialer system itself "predicts" when collection agents may be available to pick up a call that has been made by the dialer, and then generates that call and ultimately transfers the call made to a collection agent that may be available after it is answered. (Nath Depo., p. 26-27). The dialer, without any human involvement, also automatically hangs up when a call that has been made by it is picked up by an answering machine. (Nath Depo., p. 59).

Defendant's policies require that there only be one (1) telephone number designated in the "cell phone" field of an account, and that number being the number of the <u>actual customer</u>. (Bailey depo., p. 17). This is because Defendant knows that numbers designated in the "cell phone" field will be called by its LiveVox Predictive Dialer, which requires advance consent to be given in order for that number to be called. (Johnson Depo., p. 15). It is the same reason why Defendant requires that third-parties first give verbal or written consent to Defendant before defendant initiates auto-dialer calls to that third-party. (Johnson Depo., p. 16). However, early during the collection period (i.e. January 2013) when calls were made to Plaintiff's cell phone number, Defendant's collector, Thomas Maloney, classified Plaintiff's cell phone number as the cell phone number of the actual customer/borrower. (Maloney Depo., p.19). On January 18, 2013, Collector Maloney made three (3) calls to Plaintiff's cellular telephone number, designating each entry on that date as "TC TEL CELL" (Maloney Depo., p. 19). Maloney referred to Plaintiff as the "CU," which is Defendant's abbreviation for Customer", and designated Plaintiff as such in Defendant's account notes. (Maloney Depo., p. 19-20). He came to the erroneous conclusion that <u>Plaintiff's cell phone number was one in the same as the borrower's number, and that is why he classified the</u>

Plaintiff as the actual customer (or "CU") in Defendant's account notes as early as January 18, 2013. (Maloney Depo., p. 19-20, 24 & 25-26). In Maloney's own words, "Well, once again, I'm looking at the mother's number and the daughter's number being one in the same," and his assumption stayed that way from January, 2013 through the end of his involvement on the account. (Maloney Depo., p. 25-26, 35).

II. **Law and Argument**

   A. The Summary Judgment Standard

Under Fed. R. Civ. P. 56(a), summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 *1986) and *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986). A genuine issue exists on if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248. The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)(emphasis in original).

Once a party makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-

249 (1986). However, there must be a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

B. <u>Defendant's LiveVox Predictive Dialer was an Automatic Telephone Dialing System</u>

Partial summary judgment should be entered in favor of Plaintiff on the issue that Defendant's LiveVox Predictive Dialer is a dialing system covered by the TCPA. In 2003, the FCC adopted rules addressing the technological advances made by the telemarketing industry. *See In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order,* 18 F.C.C. Rcd. 14014, 14017 ¶¶ 1–2, 2003 WL 21517853 (F.C.C. July 3, 2003) (*"2003 Report"* ). The FCC sought to ensure that consumers continued to receive the protection from unwanted solicitation calls that Congress intended in enacting the TCPA. *2003 Report* at 14017 ¶ 2. Recognizing the proliferation of predictive dialer use in telemarketing, the FCC in 2002 had invited comments on whether predictive dialers fall within the restrictions placed on ATDS's. *See 2003 Report* at 14090 ¶ 129. A predictive dialer is defined as "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls." *2003 Report* at 14091 ¶ 131. Moreover, "[t]he hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, *or from a database of numbers.*" *2003 Report* at 14091 ¶ 131 (emphasis added). The FCC acknowledged that the "basic function" remained the same—namely, "the *capacity* to dial [phone] numbers [en masse] without human intervention" or oversight. *2003 Report* at 14092 ¶ 132. In 2008, the FCC issued a Declaratory Ruling reaffirming that "a predictive dialer constitutes an automatic telephone dialing system and is subject to the TCPA's restrictions on the use of autodialers." *In re Rules &*

*Regulations Implementing the Telephone Consumer Protection Act of 1991, Declaratory Ruling*, 23 F.C.C. Rcd. 559, 565 ¶ 12, 2008 WL 65485 (F.C.C. Jan.4, 2008) (*"2008 Declaratory Ruling"*); see also, *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012), *cert. denied*, --- U.S. ---, 133 S.Ct. 2361 (2013), *Swope v. Credit Mgmt., LP*, No. 12CV832, 2013 WL 607830 at 4 (E.D. Mo. Feb. 19, 2013), and *Vance v. Bureau of Collection Recovery, LLC*, No. 10-cv-06324, 2011 WL 881550 at 2 (N.D. Ill. March 11, 2011).

In *Echevvaria v. Diversified Consultant, Inc.*, 2014 WL 929275 (S.D. New York Feb. 28, 2014), the court had the opportunity to analyze the exact same automatic telephone dialer system, the LiveVox Predictive Dialer system, that was utilized by Defendant to make its autodialer calls to Plaintiff's cell phone number. The court concluded that that dialer system was an automatic telephone dialing system. *Id.* at *5-*7. Defendant's dialer system, which every representative of Defendant refers to as an "auto-dialer, functioned in the exact same manner as the dialer system functioned in the *Echevvaria* case. (Nath Depo., p. 17-21, 26-27, 57-59). The dialer system dials numbers automatically that have been stored on the FTP site of the dialer, and the only time human intervention ever comes into play is <u>after</u> the call is dialed, <u>after</u> the dialed call is answered, and <u>after</u> Defendant's collector is notified or "prompted" that a call has been answered. (Nath Depo., p. 17-21, 26-27, 57-59; Affidavit of Jeffrey Hanson). Additionally, in *Hicks v. Client Services, Inc.*, 2009 WL 2365637 (S.D. Fla. June 9, 2009), the court ruled that the dialer system used, even though that defendant attempted to describe it as "non-predictive," was the type of device the FCC contemplated in its ruling on predictive dialers. *Id.* at *5.

Other recent orders from the Middle District of Florida have acknowledged the FCC's repeated rulings that predictive dialers are considered automatic telephone dialing systems. See *Fail v. Diversified Consultants, Inc.*, 2014 WL 257 4532, *2 (M.D. Fla. June 9, 2014); *Ayers v.*

*Verizon Communications, Inc.*, 2014 WL 2574543, *2 (M.D. Fla. June 9, 2014); *Murray v. Diversified Consultants, Inc.*, 2014 WL 2574042, *2 (M.D. Fla. June 9, 2013) (each of the abopve cases citing to *Swope v. Credit Management, LP*, 2013 WL 607830, *4-*5 (E.D. Mo. Feb. 19, 2013).

In *Lardner v. Diversified Consultant, Inc.*, --- F. Supp. 2d ---, 2014 WL 1778960 (S.D. Fla. May 1, 2014), the Southern District of Florida was called upon to address whether the LiveVox Predictive Dialer system used by the defendant was an "automatic telephone dialing system." *Id*, at *3-*5. The court in *Lardner* ruled that the issue of whether the LiveVox Predictive Dialer was an "automatic telephone dialing system" was solely one of statutory interpretation and was therefore, appropriate for summary judgment. *Id.* at *4. In finding that the FCC's interpretation (i.e. that automated dialing systems that automatically dial cell phone numbers from a preprogrammed list, including the specific LiveVox predictive dialer are "automatic telephone dialing systems" under the TCPA) was "based on a permissible construction of the statute" and should therefore be given deference, the *Lardner* court held that the LiveVox Predictive Dialer system "qualifies as an ATDS under the statute because it automatically dials telephone numbers from a prepregrammed list." *Id.* at *5. The *Lardner* court cited to: *Bianchi v. Bronson & Migliaccio, LLP*, Case 0:09–cv–61164–UU, May 27, 2010, D.E. 59 at 5 ("The undisputed evidence in this case shows that LiveVox is a fully-automated dialing service, which calls debtors without any human intervention[.]"); *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir.2012); *Swope v. Credit Mgmt., LP*, Case No. 12CV832, 2013 WL 607830, at *4 (E.D.Mo. Feb. 19, 2013) (The FCC has twice "held that predictive dialers are considered automatic telephone dialing systems subject to the TCPA, and that debt collectors are not exempt from the statute's prohibitions."); *Vance v. Bureau of*

*Collection Recovery, LLC,* No. 10–cv–06324, 2011 WL 881550, at *2 (N.D.Ill. Mar.11, 2011) ("[T]he FCC has indicated, and other courts have held, that predictive dialing systems do meet the definition of devices prohibited by the TCPA."); *Ortega v. Collectors Training Inst. of Ill.,* No. 09–21744–CIV, 2011 WL 241948, at *8 (S.D.Fla.Jan.24, 2011) (denying summary judgment because there was evidence that defendants used an "auto dialer system" and because Plaintiff heard a "robot voice" on the message); *Davis v. Diversified Consultants, Inc.,* 2014 WL 2944864, at *5-6 (D. Mass. June 27, 2014(holding that the LiveVox system is an ATDS); *Sterk v. Path,* 2014 WL 2443785, at *4-5 (N. D. Ill. May 30, 2014)(granting partial summary judgment in favor of plaintiff on whether a text was sent with an ATDS); *Vance v. Bureau of Collection Recovery, LLC,* 2011 WL 881550, at *2 (N.D. Ill. 2011)(stating that "the FCC has indicated, and other courts have held, that predictive dialing systems do meet the definition of devices prohibited by the TCPA"); *Griffith v. Consumer Portfolio Serv., Inc.,* 838 F. Supp. 2d 723, 727 (holding that defendant's equipment was an ATDS based on dialer's ability to call numbers automatically from a list stored in a software file); *Moore v. Dish Network, LLC,* 2014 WL 5305960, *11-14 (N. D. W. Va. Oct. 15, 2014)(holding that defendant's dialer was a predictive dialer and an ATDS)[1]; *Prater v. Medicredit, Inc.,* 2014 WL 4652942, *4 (E.D. Mo. Sept. 18, 2014 (looking to the FCC rulings on predictive dialers, in part, to deny a defendant motion to stay); and *Hernandez v. Collection Bureau of America, Ltd.,* 2014 WL 4922379 (C.D. Cal. April 16, 2014)(finding that defendant's dialer was an ATDS because it had the ability to dial in predictive mode).

Defendant's LiveVox Predictive dialer is: a predictive dialer; it is a predictive dialer system that automatically dials numbers from a preprogrammed list; it requires no human intervention to make such calls; and it is fully automatic, in every sense of the word, in terms of

---

[1] The defendant, Dish Network, LLC, filed a Notice of Appeal in that matter on Nov. 13, 2014.

making outbound calls for its collectors. Further, Defendant trains and instructs its collectors, and implements policies and procedures designed to be compliant with the TCPA, because it knows that the LiveVox Predictive Dialer is a dialing system that is likely to be a dialer covered by the TCPA. Accordingly, there is no dispute that Defendant's LiveVox Predictive Dialer is an "automatic telephone dialing system" that is covered by the TCPA.

### III. **CONCLUSION**

Based on the foregoing, partial summary judgment should be entered in favor of Plaintiff opn the issue that Defendant's LiveVox Predictive Dialer is an "automatic telephone dialing system" covered by the TCPA, and for such other and further relief as appears to this Court to be just and proper in the premises.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 19TH, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants: William J. Denius, Esq., Kilgore, Pearlman, Stamp, Ornstein & Squires, P.A.. 2 South Orange Avenue, 5th Floor, Orlando, FL 32801.

Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
MVitoria@ForThePeople.com
KReynolds@ForThePeople.com
Florida Bar #: 0135534
Attorney for Plaintiff